UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 3, 2018

LETTER TO COUNSEL

RE: *Deborah Denise Evans v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-15-2243

Dear Counsel:

Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Deborah D. Evans before this Court. [ECF No. 32]. In response, the Social Security Administration ("SSA") asked this Court to consider whether Mr. Murahari's requested amount constitutes a reasonable fee. [ECF No. 33]. On March 8, 2018, Mr. Murahari filed a reply, which included a letter from Ms. Evans regarding the character of Mr. Murahari's representation. [ECF No. 34]. I have considered those filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On July 26, 2016, this Court awarded Mr. Murahari $3,950.63 for 20.25 hours worked on Ms. Evans's case in federal court. [ECF No. 22]. Ms. Evans subsequently received a revised Award Notice, in which she was awarded $144,454.00 in past due benefits. [ECF No. 32]. The SSA did not withhold twenty-five percent of Ms. Evans's past due benefits, amounting to $36,113.50. *See id.* On February 19, 2018, Mr. Murahari filed an Amended Motion for Attorney's Fees, seeking $36,113.50 in attorney's fees, less $6,000.00 already paid for work at the administrative level, or $30,113.50. *Id.* Mr. Murahari has agreed to deduct $3,905.63 in fees previously received from the amount to be collected. *Id.* at 1-2; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

the representative received." *Id.* Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* at 808.

Here, Mr. Murahari and Ms. Evans entered into a contingent fee agreement, by which Ms. Evans agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which she might become entitled. [ECF No. 20-3]. In his previous motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), Mr. Murahari submitted an itemized report documenting the 20.25 hours he expended before this Court in Ms. Evans's case. [ECF Nos. 20-6, 20-7]. If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,783.38 per hour. Mr. Murahari must therefore show that an effective rate of $1,783.38 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Murahari's requested fee results in nearly six times the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Although it is customary in Social Security cases for courts to approve significantly higher rates, Mr. Murahari's requested rate far exceeds the typical rate awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.70); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Colvin*, Civil No. SAG-12-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). While this Court notes Mr. Murahari's effective performance and the substantial past-due benefit award to his client, Mr. Murahari's request for $30,113.50 for 20.25 hours in this case would result in a windfall. Instead, this Court finds that an award of $20,250.00, amounting to an hourly rate of $1,000.00—slightly more than triple the top hourly rate for an attorney of Mr. Murahari's experience, would adequately compensate Mr. Murahari for the time that he spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758 (D. Md. Nov. 16, 2017) (unpublished) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS in part and DENIES in part Mr. Murahari's motion for attorney's fees, [ECF No. 32]. This Court will award Mr. Murahari attorney's fees totaling $20,250.00. Because Mr. Murahari already received the $3,905.63 in fees awarded pursuant to the EAJA, Ms. Evans is directed to send the remaining amount, $16,344.37, to Mr. Murahari.

---

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2016). For attorneys admitted to the bar for a period of five (5) to eight (8) years, like Mr. Murahari, the presumptively reasonable hourly rate is between $165.00 and $300.00 per hour. *Id.*

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge